# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CLAYTON L. RIGGINS,

    *Plaintiff-Appellant,*

v.

STEEL TECHNOLOGIES,

    *Defendant-Appellee.*

No. 01-1769

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CA-00-128-7-F)

Argued: September 23, 2002

Decided: October 17, 2002

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion. Judge Niemeyer wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Michael W. Patrick, Chapel Hill, North Carolina, for Appellant. Donald E. Britt, Jr., BRITT LAW FIRM, Wilmington, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clayton Riggins appeals from an order of the district court dismissing with prejudice his action against his former employer, Steel Technologies. The district court dismissed Riggins' action as a sanction for failure to obey an order to provide or permit discovery under Fed. R. Civ. P. 37(b)(2)(C) (2000). Because the district court failed to articulate the reasons for its decision, we are unable to review its ruling. We therefore vacate the order and remand for further proceedings consistent with this opinion.

I.

In 1997, Clayton Riggins was fired from his job with Steel Technologies. On June 29, 2000, he initiated this action by filing a pro se complaint, alleging that, in firing him, Steel Technologies discriminated against him in violation of the Americans with Disabilities Act. 42 U.S.C. §§ 12101-12213 (2002).

After Riggins failed to attend one scheduled deposition (he eventually did appear for a later deposition) or answer interrogatories and document requests, Steel Technologies filed a motion for sanctions and a motion to compel. The magistrate judge scheduled a hearing on these motions for January 11, 2001. Riggins failed to appear at the hearing. The magistrate judge then entered an order granting Steel Technologies' motions — ordering Riggins to respond to the interrogatories and document requests and assessing Riggins $3,114.00 (expenses and attorney's fees incurred by Steel Technologies) for his previous failure to attend the first scheduled deposition.

On January 22, 2001, Steel Technologies filed a second motion for sanctions, alleging that Riggins failed to comply with the magistrate judge's order, and requesting that Riggins' complaint be dismissed with prejudice. Riggins responded with a request for additional time to find a lawyer to represent him, which the magistrate judge denied.

On February 15, 2001, Steel Technologies filed a third motion for sanctions, reiterating its request that Riggins' complaint be dismissed

with prejudice. On the same day, Riggins appealed the magistrate judge's order denying him additional time to the district court. The district court denied the appeal, finding it untimely and the magistrate judge's order not clearly erroneous. On March 20, 2001, Riggins filed a response to Steel Technologies' motion for sanctions, attempting to explain his failure to respond to the discovery requests.

Eight days later, on March 28, 2001, the magistrate judge issued a short (1-1/4 page) memorandum & recommendation ("M&R") that the motion for sanctions be granted, and Riggins' complaint be dismissed with prejudice. The court noted that Riggins had failed to respond to Steel Technologies' discovery requests despite the court's order, that Riggins had failed to attend the first scheduled deposition, and that Riggins had failed to pay the court-ordered sanctions. The court concluded by stating:

> When a party fails to obey an order to provide or permit discovery, one of the sanctions that may be imposed is dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(C) (2000). In this court's opinion, the Plaintiff's failure to abide by the Rules of Civil Procedure regarding discovery and his failure to obey the court's order to provide discovery warrants dismissal of his claim.

Riggins filed an objection to the sanctions. In two short paragraphs, the district court adopted the magistrate judge's recommendation, explaining:

> After an independent and thorough review of the Magistrate Judge's M&R and a *de novo* review of the record, the court concludes that the M&R is correct and in accordance with law. Consequently, the court hereby adopts the Magistrate Judge's M&R . . . . Therefore, the defendant's motion for sanctions is allowed, and the plaintiff's complaint hereby is dismissed with prejudice.

Riggins timely appealed.

## II.

Riggins argues that the district court abused its discretion by dismissing his complaint without applying the four-factor test required

in this circuit before a sanction of default may be imposed under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order. *Hatchcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). Generally, we review an imposition of sanctions for abuse of discretion. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). When the sanction imposed is a default judgment, however, "the range of discretion is more narrow than when a court imposes less severe sanctions." *Hatchcock*, 53 F.3d at 40 (internal quotation marks omitted).

In *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88 (4th Cir. 1989), we established four factors that a court must consider before imposing default judgment as a sanction. The factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 92 (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-06 (4th Cir. 1977)).

In the instant case, neither the magistrate judge, nor the district court made any findings relating to the four *Mutual Federal* factors. Neither court discussed bad faith, prejudice, the need for deterrence, or the effectiveness of less drastic sanctions. It is particularly difficult on the record before us to discern any basis for a finding of either bad faith or prejudice. Consequently, we are unable to assess whether the district court acted within its discretion when it dismissed Riggins' complaint with prejudice as a sanction under Rule 37(b)(2)(C).

If, in exercising its discretion, a court determines to require a pro se litigant to follow the rules of civil procedure or suffer a default

judgment, it seems only fair that the court itself explain the rationale for its decision to render the default judgment, by following the procedure established in *Mutual Federal*, before imposing this drastic sanction. Because the district court did not follow the procedure set forth in *Mutual Federal* or apply any part of its four-factor test to the circumstances of this case, we vacate the default judgment order and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*

NIEMEYER, Circuit Judge, dissenting:

Except for attending a twice-rescheduled deposition after earlier refusals to do so, the plaintiff in this case has failed to comply with every other duty imposed on him by the district court, including the district court's scheduling order for the case and its order requiring him to pay sanctions for his failures in discovery. He has failed to supply any answers to interrogatories and to file any response to a request for documents. When the defendant filed a motion to compel discovery and a motion for sanctions, the plaintiff failed to attend the hearing. In short, despite the entry of orders and notices necessary for the preparation of this case for trial, the plaintiff has frustrated the district court and defendant at every step.

While I agree that it would have facilitated our review had the district court followed our procedure, set forth in *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88 (4th Cir. 1989), in the particular circumstances of this case, I cannot conclude that the district court abused its discretion in determining that the plaintiff had forfeited his right to prosecute this case further and, therefore, in dismissing the case. I would, accordingly, affirm.